1
2
3
4
5
6         IN THE UNITED STATES DISTRICT COURT FOR THE
7                 EASTERN DISTRICT OF CALIFORNIA
8
ARNOLD FLEMING,                    )        1:04cv6023 OWW DLB
9                                  )
10                                 )        FINDINGS AND RECOMMENDATION
                                   )        REGARDING DISMISSAL OF ACTION
11            Plaintiff,           )
         vs.                       )
12                                 )
                                   )
13  COUNTY OF MERCED et al.,       )
                                   )
14            Defendants.          )
                                   )
15  _____)

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis in a civil rights action
16
pursuant to 42 U.S.C. § 1983.
17
        On August 17, 2004, the Court dismissed Plaintiff's complaint with leave to amend.  The
18
Court explained that Plaintiff's claims should have been filed in a petition for writ of habeas corpus
19
and gave Plaintiff the opportunity to amend his complaint by completing the enclosed petition.  The
20
Court further explained that if he did not do so, the Court would recommend that his action be
21
dismissed.
22
        On August 24, 2004, Plaintiff filed a motion for reconsideration of the August 17, 2004,
23
order.  The motion was denied on October 25, 2004.  To date, Plaintiff has not amended his
24
complaint or otherwise contacted the Court.
25
        Local Rule 11-110 provides that "failure of counsel or of a party to comply with these Local
26
Rules or with any order of the Court may be grounds for the imposition by the Court of any and all
27
28                                          1

1    sanctions . . . within the inherent power of the Court."  District courts have the inherent power to

2    control their dockets and "in the exercise of that power, they may impose sanctions including, where

3    appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9ᵗʰ Cir. 1986).

4    A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action,

5    failure to obey a court order, or failure to comply with local rules.  See, e.g. Ghazali v. Moran, 46

6    F.3d 52, 53-54 (9ᵗʰ Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963

7    F.2d 1258, 1260-61 (9ᵗʰ Cir. 1992) (dismissal for failure to comply with an order requiring

8    amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9ᵗʰ Cir. 1988)(dismissal for

9    failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address);

10   Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9ᵗʰ Cir. 1987)(dismissal for failure to comply with

11   court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986)(dismissal for failure to lack

12   of prosecution and failure to comply with local rules).

13         In determining whether to dismiss an action for lack of prosecution, failure to obey a court

14   order, or failure to comply with local rules, the court must consider several factors: (1) the public's

15   interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk

16   of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and,

17   (5) the availability of less drastic alternatives.  Thompson, 782 F.2d at 831; Henderson, 779 F.2d at

18   1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

19         In the instant case, the Court finds that the public's interest in expeditiously resolving this

20   litigation and the court's interest in managing the docket weigh in favor of dismissal.  This case has

21   been pending since July 28, 2004.  The third factor, risk of prejudice to defendants, also weighs in

22   favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in

23   prosecuting an action.  Anderson v. Air West, 542 F.2d 522, 524 (9ᵗʰ Cir. 1976).  The fourth factor --

24   public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in

25   favor of dismissal discussed herein.  Finally, a court's warning to a party that his failure to obey the

26   court's order will result in dismissal satisfies the "consideration of alternatives" requirement.  Ferdik

27   v. Bonzelet, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson, 779 F.2d at 1424.  The Court's

28                                                    2

1  order of August 17, 2004, requiring Plaintiff to file an amended complaint, expressly stated that if

2  Plaintiff did not amend his complaint, the Court would recommend that the action be dismissed.

3  Thus, Plaintiff had adequate warning that dismissal would result from non-compliance with the

4  Court's order(s).

5                                                    RECOMMENDATION

6          Accordingly, the Court RECOMMENDS that the action be dismissed for Plaintiff's failure to

7  follow the Court's order and failure to prosecute this action.

8          These Findings and Recommendations are submitted to the Honorable Oliver W. Wanger,

9  United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule

10  72-304 of the Local Rules of Practice for the United States District Court, Eastern District of

11  California.  Within thirty (30) days after being served with a copy, any party may file written

12  objections with the court and serve a copy on all parties.  Such a document should be captioned

13  "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections shall

14  be served and filed within ten (10) court days (plus three days if served by mail) after service of the

15  objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636

16  (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive

17  the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

18          IT IS SO ORDERED.

19      **Dated:    June 28, 2006**                          **/s/ Dennis L. Beck**

20  3b142a                                                UNITED STATES MAGISTRATE JUDGE

21

22

23

24

25

26

27

28                                                       3